MICHAEL J. TETER (16734)
Assistant Utah Attorney General
SEAN D. REYES (7969)
Utah Attorney General
160 East 300 South, Sixth Floor
P.O. Box 140856
Salt Lake City, Utah 84114-0856
Telephone: (801) 366-0100
Facsimile: (801) 366-0101
E-mail: mteter@agutah.gov

*Attorneys for Defendants*

---

## IN THE UNITED STATES DISTRICT COURT

## IN AND FOR THE DISTRICT OF UTAH, SOUTHERN REGION

| | |
|---|---|
| STEPHEN MABEY and TATYANA MABEY,<br><br>Plaintiffs,<br><br>v.<br><br>SUPERINTENDENT SAM RAY and NORTH SANPETE SCHOOL DISTRICT,<br><br>Defendants. | **DEFENDANTS' OPPOSITION TO MOTION TO SEVER AND REMAND**<br><br>Case No. 4:18-cv-00061-DN-DBP<br><br>Judge David Nuffer<br>Magistrate Judge Dustin B. Pead |

Defendants Superintendent Sam Ray and North Sanpete School District (together "Defendants") by and through counsel, Michael J. Teter, Assistant Utah Attorney General, pursuant to Federal Rule of Civil Procedure 7 and District of Utah Civil Rule 7(a), file this Opposition to Plaintiffs Stephen Mabey's and Tatyana Mabey's (together "Mabeys") Motion to Sever and Remand (Docs. 10, 11).

## INTRODUCTION

This lawsuit relates entirely and exclusively to Plaintiffs Stephen and Tatyana Mabeys' effort to have the North Sanpete School District provide door-to-door bus service for their son to attend the first grade at Spring City Elementary School. The Mabeys live approximately one-and-a-half miles from Spring City Elementary. Utah law allows for state-supported bus transportation for a student in kindergarten through sixth grade "who lives at least 1-1/2 miles from a school." Utah Code § 53F-2-403(1)(a). Utah law also provides that, "A student is responsible for the student's own transportation to bus stops up to one and one-half miles from home." Utah Admin. Code R277-600(6)(a). The North Sanpete School District established a bus stop at the corner of a maintained county road and the

unmaintained, gravel, dead-end road that the Mabey's live on. The stop is approximately six-tenths of a mile from the Mabey's house.

Since 2017, Plaintiffs have disregarded the regulation requiring them to be responsible to get their son the six-tenths of a mile to the bus stop, and instead have pressured the North Sanpete School District to ignore safety regulations regarding bus transportation on private property, on dead-end roads, and on unmaintained roads. Utah Admin. Code R277-600(6)(a). The Mabeys have demanded that they be treated differently than other families that live on dead-end roads throughout the North Sanpete School District, whose children meet the school bus at the designated stop.

In the early fall of 2017, the Mabeys provided Defendants with a two-sentence, handwritten note from a midwife, indicating that Mrs. Mabey should not be placed under the stress of getting her son to and from the bus stop while pregnant. Defendants accommodated these circumstances by approving a temporary exemption for the family, providing door-to-door bus transportation for their son during the 2017-2018 academic year. At the start of the 2018-2019 year, the School Board, at a public meeting, voted against granting the Mabeys a permanent exemption. The Mabeys decided to withhold their son from school,

rather than provide him transportation to and from the bus stop that is six-tenths of a mile from their house or to the school that is one-and-a-half miles from their house. The Mabeys instead use the accommodation Defendants provided them in 2017-2018 to demand that Defendants "restore the safe bus transportation that Plaintiffs [sic] child even had all last year." (Doc. 11, ¶ 19.) They seek an injunction "so their child can attend school again,"[1] (Doc. 11, ¶ 8), and they seek damages. (Doc. 11, ¶ 16.)

The Mabeys filed their Complaint in the Sixth Judicial District of Utah. (Doc. 4-1.) Defendants received a copy of the Complaint on September 11, 2018, and filed removal notices on September 17, 2018. (Doc. 2.)

The Complaint states five causes of action. On the face, each cause of action states a claim under 42 U.S.C. § 1983. (Doc. 4-1.) The Mabeys, however, are acting *pro se*, and given their two most recent filings (Doc. 10, 11), it appears that they might not have intended for each cause of action to arise under § 1983. Therefore, for purposes of this Opposition, Defendants will treat the Mabeys' Complaint as asserting the following:

---

[1] The Spring City Elementary School principal even offered to provide child care before school to the Mabeys' son and to drive him home after school. That would allow Mr. Mabey to drop off the boy on his way to Ephraim Elementary School, where Mr. Mabey teaches. The Mabeys instead have kept their son home.

Cause of Action No. 1: a claim alleging that Defendants violated Utah Code § 53F-2-403(1)(a)[2];

Cause of Action No. 2: a claim alleging that Defendants violated Utah Administrative Code R277-600;

Cause of Action No. 3:  a § 1983 claim alleging that Defendants violated the Fourteenth Amendment's Equal Protection Clause;

Cause of Action No. 4: a claim alleging that Defendants violated Utah's implied covenant of good faith and fair dealing; and

Cause of Action No. 5: a § 1983 claim alleging that Defendants violated the Fourteenth Amendment's Due Process Clause.[3]

 Defendants filed a motion to dismiss on October 12, 2018. (Docket No. 9.) Five days later, the Mabeys filed a motion to sever and remand the state law claims.[4] (Docket Nos. 10, 11.)

---

[2] The Complaint cites Utah Code § 53A-17a-127(1), (2), but the legislature renumbered the provisions, effective January 1, 2018. The substance remains the same.

[3] Defendants also cite the Fifth Amendment's Due Process Clause, but the Fifth Amendment applies only to the federal government.

[4] Because the Mabeys are acting *pro se* and are filing, and being served, documents via U.S. mail, they likely had not received Defendants' Motion to Dismiss before they submitted their Motion to Sever and Remand.

Defendants properly removed the action pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1443. The Mabeys rely on 28 U.S.C. § 1441(c)(2) in asking the Court to sever and remand the state law claims. However, the language of § 1441(c)(2) applies only to claims that are not "within the original *or supplemental* jurisdiction of the district court or a claim that has been made nonremovable by statute…" 28 U.S.C. § 1441(c)(1)(B) (emphasis added). The state law claims in the Mabeys' Complaint all fall within this Court's supplemental jurisdiction. The Court should therefore deny the Mabeys' motion and retain jurisdiction over all claims.

## ARGUMENT

### I.      This Court Has Supplemental Jurisdiction Over All of the Mabeys' State Law Claims

Under 28 U.S.C. § 1441:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). Further, 28 U.S.C. § 1443 provides that actions alleging civil rights violations may be removed. 28 U.S.C. § 1443.

Federal law allows a defendant to remove a civil action that includes both a claim arising under the Constitution or federal law and state law claims. 28 U.S.C. § 1441(c)(1). If the action includes a claim that is "not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute," the entire action remains removable, but the district court is required to sever the nonremovable claims and remand those to state court, while retaining the removable claims. 28 U.S.C. § 1441(c).

Further, a federal court has supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

This Court has original jurisdiction over the Mabeys' claims brought under 42 U.S.C. § 1983. *See* 28 U.S.C. § 1331. The Mabeys do not contend otherwise. In addition, this court has supplemental jurisdiction over the Mabeys' state law claims because all of the claims form "part of the same case or controversy."[5] Each claim focuses on the same set of facts and relate to the same matter. In fact, the

---

[5] No federal statute exists that renders the Mabeys' state law claims nonremovable. *See* 28 U.S.C. § 1445 (listing nonremovable claims).

Complaint includes multiple pages of paragraphs related to all five causes of actions (Doc. 4-1, at 23-25), and each cause of action realleges the same set of facts. Moreover, in their motion to sever, the Mabeys acknowledge that their claim for damages and fees under 42 U.S.C. § 1983 and 42 U.S.C. § 1988 can only be determined "after the underlying Utah State 'safe' bus transportation issues are resolved, as clearly specified in the complaint." (Doc. 11, ¶ 16).

The federal and state law claims all form part of the same case or controversy. The court, therefore, has supplemental jurisdiction over each claim and 28 U.S.C. § 1441's severing provision is inapplicable.

## II.     The Court Should Continue to Exercise Jurisdiction Over All of the Mabeys' Claims.

A court can decline to exercise supplemental jurisdiction over a claim based on one of four reasons:

> (1) the claim raises a novel or complex issue of State law, (2) the claim substantially dominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

The Mabeys' state law claims do no implicate any of these bases for declining to exercise supplemental jurisdiction. Their state law claims do not present novel or complex issues, nor has this Court dismissed the federal question claims over which it has original jurisdiction. The Mabeys have not provided any compelling reasons that might qualify as exceptional circumstances. While they argue for urgent court intervention so that their son can return to school, they do not need court action for their son to attend school since they are voluntarily keeping their child home. Moreover, the fact that they are requesting such an order from *this* Court undermines any suggestion that remand is necessary so that a state court can address that allegedly compelling need.

The only remaining basis for declining to exercise supplemental jurisdiction rests on whether the state law claims substantially dominate over the federal law claims. To determine this, courts focus on whether there exists "a substantial quantity of evidence needed to support the state claims that is not relevant to the federal claims"; whether the state claims predominate substantially with regards to the "comprehensiveness of the remedy sought"; and "whether the scope of the issues raised in the state claims shows that those issues predominate over the issues relevant to the federal claims." *The Arc of The Pikes Peak Region v. Nat'l Mentor Holdings, Inc.*, No. 10-CV-01144-REB-BNB, 2011 WL 1047222, at *3 (D. Colo.

Mar. 18, 2011) (citing *Borough of West Mifflin v. Lancaster,* 45 F.3d 780, 789 (3rd Cir.1995). "The substantially predominate standard of § 1367(c)(2) is not satisfied simply because the number of state claims is more than the number of federal claims." *Id.*

There is no meaningful difference between the amount of evidence required to present the Mabeys' state law and federal law claims, nor between the scope of the state and federal claims. Indeed, most, if not all, of the evidence will overlap and the scope appears equal, if not more weighted toward the federal claims. Similarly, it appears that the Mabeys are seeking only injunctive relief with regards to their state law claims, but seek injunctive relief and damages for their federal claims. The state law claims, therefore, do not predominate regarding the comprehensiveness of the remedies sought.

Furthermore, severing and remanding the state law claims frustrates judicial economy, expends resources unnecessarily, and risks conflicting outcomes. The state and federal claims are largely identical and require the same evidence. In addition, the Mabeys have requested identical injunctions based on both their state and federal claims. (Doc. 11, ¶ 2.) Severing and remanding the state law claims would require the parties to litigate nearly identical matters, based on the same operative facts and involving the same case or controversy, in two separate forums.

It would require this Court and the Sixth Judicial District to expend unnecessary judicial resources on a matter that is being litigated simultaneously in another court. And, finally, severing and remanding the state law claims creates the potential for incompatible judgments from the two courts.

The Mabeys' allegations regarding Causes of Action 1, 2, and 4 (state law claims) are integrally related to their allegations in Causes of Action 3 and 5 (federal law claims). There exists no basis for this Court to decline to exercise supplemental jurisdiction over the state law claims.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny the Plaintiffs' motion to sever and remand.


DATED:  October 29, 2018


OFFICE OF THE UTAH ATTORNEY GENERAL


/s/ *Michael J. Teter*
MICHAEL J. TETER
Assistant Utah Attorney General
*Attorney for Defendants*

## <u>CERTIFICATE OF MAILING</u>

I certify that on October 29, 2018, I electronically filed the foregoing,

**DEFENDANTS' OPPOSITION TO MOTION TO SEVER AND REMAND**,

using the Court's electronic filing system. I also certify that a true and correct copy

of the foregoing was placed in outgoing, United States mail, postage prepaid, to the

following:

Stephen Mabey &
Tatyana Mabey
290 S. 800 W.
P.O. Box 245
Spring City, UT 84662

 /s/ Jennifer Welsh